Patrick J. Crank (5-2305)
Abbigail C. Forwood (7-4814)
James D. Seward (6-4181)
CRANK LEGAL GROUP, P.C.
1815 Evans Avenue
Cheyenne, WY 82001
307-634-2994 Telephone
307-635-7155 Facsimile
pat@cranklegalgroup.com
abbi@cranklegalgroup.com
jim@cranklegalgroup.com



ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MATTHEW HAGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case Number: 21-CV-212-J |
| VS. | ) |
| | ) |
| G.E. JOHNSON CONSTRUCTION COMPANY, Inc. | ) |
| a foreign Colorado corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Matthew Haga ("Haga"), by and through his attorneys, Crank Legal Group, P.C., and for his Complaint against G.E. Johnson Construction Company, Inc., states and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff Matthew Haga is a citizen and resident of Victor, Idaho.

2. Defendant G.E. Johnson Construction Company ("Johnson") is a citizen and resident of Colorado. Filings made by Johnson with the Wyoming Secretary of State show that Johnson is a foreign Colorado corporation registered to do business in the state of Wyoming and

that G.E. Johnson's principal place of business is located at 25 North Cascade Avenue, Suite 400, Colorado Springs Colorado 80903.

3. G.E. Johnson Construction Company maintains an office in Jackson Wyoming located at 1110 Maple Way, Suite E, Jackson Wyoming 83001.

4. This court has subject matter jurisdiction over this matter because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000. Jurisdiction is proper pursuant to 28 USC §1332.

5. This court has personal jurisdiction over Johnson.

6. Venue in this court is proper pursuant to 28 USC §1391. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Jackson Wyoming in the Federal District of Wyoming.

7. The Director of the Wyoming Department of Workforce Services and the Wyoming Attorney General are being served by certified mail, return receipt requested, with a copy of this complaint under W.S. §27-14-105(b).

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8. Plaintiffs incorporate by reference all preceding and following paragraphs as if fully set forth herein.

9. Commencing in approximately spring of 2017, Johnson began constructing a condominium project ("Project") located at 680 S. Cache Street, Jackson, Wyoming.

10. Johnson was the general contractor on this project.

11. As the general contractor, Johnson was responsible for all construction and work activities on the construction site including the work of all subcontractors hired by Johnson to complete the Project.

12.     There were a number of subcontractors hired to complete the Project including Ridgeline Excavation.

13.     On December 6, 2017, the Project was in the early stages of construction. The steel frame of the Project had been largely assembled and Johnson was pouring the concrete floors for the building.

14.     While pouring the floors for the building, Johnson would pour the floors in sections. Each floor had at least one hole in the floor.

15.     Each night, Johnson employees would cover the hole in each floor with pieces of plywood and heat blankets.

16.     The plywood and heat blankets were apparently used to prevent anyone from falling into the hole in the floor and dropping to the floor below.

17.     There were no signs warning anyone that there was a hole in the concrete floor under the heat blankets.

18.     On the morning of December 6, 2017, Plaintiff Matt Haga arrived at the Project. Haga was an employee of Ridgeline Excavation. Haga was instructed to continue dirt work on the ground floor of building.

19.     Haga noticed that the heat blankets from the second floor were hanging from the second floor of the Project over the parking garage door.

20.     Haga needed to remove the heat blankets so he could operate his dirt moving equipment and enter the ground floor area of the building.

21.     Haga went to the second floor of the building and attempted to move the heat blankets out of the way.

22. As Haga walked towards the edge of the second floor of building to remove the heat blankets, Haga fell approximately 12 to 14 feet through the hole in the second floor to the floor below.

23. An inspection of that area of the second floor showed that whoever had placed the heat blankets over the hole in the concrete floor on the second level of the building had failed to place any plywood over the hole and the only covering over the hole was a heat blanket.

24. The heat blanket could not support Haga's weight causing him to violently fall approximately 12 to 14 feet to the ground level of the building below.

25. Haga was able to claw on the sides of the hole and railing, and somehow remain upright as he fell through the unguarded and unsigned hole. Haga, after dropping approximately 12 to 14 feet to the level below, landed on his feet.

26. In the process of trying to catch himself while falling through the hole in the floor, Haga injured both of his shoulders, his neck and his back.

27. Haga continued to work for approximately five hours after the fall and his injuries but was eventually unable to continue work and was transported to the hospital for treatment of his injuries.

28. On December 6, 2017, Haga suffered permanent injuries to his back, neck and both shoulders as a result of the negligence of Johnson by creating and allowing a very dangerous hazard to exist at the Project for any worker who traveled in the area of the unguarded and unsigned hole in the second floor of the Project.

29. As a result of the injuries Haga suffered on December 6, 2017, Haga had to undergo neck surgery to repair his neck vertebrae. Haga will need further surgeries on his shoulders, back, and neck to treat the injuries sustained on December 6, 2017.

30.     Haga continues to suffer pain and disability from the injuries he sustained on December 6, 2017.

31.     Haga is unable to perform many of the activities he performed prior to his injuries suffered on December 6, 2021.

32.     Haga's pain and disability and lack of ability to perform normal life activities has worsened since the time of the accident and will continue to increase in the future.

### CLAIM FOR RELIEF AGAINST G.E. JOHNSON CONSTRUCTION COMPANY
### NEGLIGENCE

33.     Plaintiffs incorporate by reference all preceding and following paragraphs as if fully set forth herein.

34.     Johnson owed duties of reasonable care in the operation and construction of the Project including maintaining a safe work environment for all workers working on the Project.

35.     Johnson and all other sub-contractors collectively owed duties of reasonable care with regard to the construction of the Project.

36.     Johnson breached its duties by, *inter alia,* leaving open holes in floors of the Project without appropriate warning signs or support over the holes to prevent workers from falling into the holes and suffering injury.

37.     Defendant's negligence included, but not limited to the following:

    a.    Failure to ensure that adequate warnings were in place;

    b.    Failure to develop safe work policies and procedures;

    c.    Failure to implement safe work procedures;

    d.    Through the acts and omissions of its employees, placing the lives and physical safety of others in immediate danger of harm;

e. Failing to abide by the state and federal orders, rules and regulations governing construction sites that were in effect and controlling at the time of this incident;

f. Failing to meet the standards of care requisite in the industry;

g. Failure to develop, utilize, and enforce comprehensive safety procedures to protect individuals working at the Project from potentially hazardous conditions.

h. Failure to institute appropriate policies and procedures to avoid the occurrences that resulted in the injury to the Plaintiff.

i. Failure to foresee the injury to workers like Haga that the dangerous, unsigned, and unsupported hole in the floor was likely to cause.

38. As a direct and proximate result of the negligence of Johnson, Haga sustained grievous physical and mental injuries, pain and suffering, permanent physical and mental disability, and loss of substantial economic resources and income.

## DAMAGES

39. Plaintiff has been damaged and is entitled to recover lost income and benefits, past and future, compensation for his permanent and disabling physical and mental injuries, and compensation for pain and suffering, and all in amounts to be proved at trial.

40. The danger created by Johnson's negligent actions was foreseeable and Johnson's decisions to ignore the danger constituted a deviation from the standard of care an ordinary person would use under such circumstances.

41. As a direct and proximate cause and consequence of the negligence of Johnson, Haga suffered the following injuries:

a. Severe trauma;

    b.    Continuing pain and suffering;

    c.    Loss of movement, strength and ability;

    d.    Mental anguish and suffering;

    e.    Physical and psychological disability.

    f.    Loss of enjoyment of life.

42.    As a direct and proximate cause and consequence of the negligence of Johnson, Plaintiff is entitled to collect the following damages:

    a.    Past and future medical expenses related to the treatment of his injuries;

    b.    Past and future loss of income, lost of future earnings, and loss of earning capacity;

    c.    Past and future loss of support, maintenance, and contribution;

    d.    Past and future loss of enjoyment of life;

    e.    Past and future mental pain and suffering;

    f.    For costs of this action, interest, and all other damages allowed by law as deemed fair and just.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant in an amount greatly exceeding seventy-five thousand dollars ($75,000.00) for compensatory damages and interest, costs, disbursements, and such other relief as the law may permit.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## JURY DEMAND

Plaintiff, by and through his counsel, pursuant to Federal Rule of Civil Procedure 38, hereby requests that this matter be tried to a jury of 12.

DATED this 22nd day of November, 2021.

MATTHEW HAGA,
Plaintiff

*[signature]*

Patrick J. Crank, 5-2305
Abbigail C. Forwood, 7-4814
James D. Seward, 6-4181
CRANK LEGAL GROUP, P.C.
1815 Evans Avenue
Cheyenne, WY 82001
(307) 634-2994
Fax (307) 635-7155

ATTORNEYS FOR PLAINTIFF